UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **PATRICIA WATERS** | **CIVIL ACTION NO.:** |
| **VERSUS** | **5:20-cv-800** |
| **METROPOLITAN LIFE INSURANCE COMPANY** | |

# COMPLAINT

## I. PARTIES

1. Plaintiff, **Patricia Waters**, is a person of the full age of majority, and a resident of Comal County, Texas.

2. Defendant, **Metropolitan Life Insurance Company ("MetLife")**, is a foreign corporation authorized to do and doing business in this judicial district.

## II. JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves questions of federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA").

4. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff is a resident of this district, and a substantial part of the events giving rise to the claim occurred in this district.

### III. FACTS & ALLEGATIONS

5. Decedent, Mark Waters, was at all relevant times a participant of the Enterprise Products Company Welfare Benefit Plan ("the Plan").

6. Defendant, **MetLife**, acted at all relevant times as a fiduciary of the Plan by virtue of being under contract to insure the Plan and provide certain claims services relevant here.

7. Defendant, **MetLife**, insured the Plan and Plaintiff as beneficiary for all benefits at issue here through an insurance policy ("the Policy").

8. Among other benefits, the Plan and the Policy provided for Plaintiff to receive Accidental Death and Dismemberment insurance benefits in the event of accidental death of Plaintiff's spouse.

9. At all relevant times, Decedent was the lawful spouse of Plaintiff.

10. On October 4, 2019, decent died by accident as defined by the Plan and the Policy. More specifically, he died as a direct result of a fall down a flight of stairs, not contributed to by any physical or mental illness or the diagnosis or treatment of same.

11. Despite receiving overwhelming proof that Plaintiff qualified for benefits under the Plan and the Policy terms, Defendant, **MetLife**, arbitrarily and capriciously refused to pay benefits Plaintiff is entitled to receive under the terms of the Plan and the Policy.

12. Plaintiff provided timely application for benefits and proof of loss as required by the Plan and the Policy.

13. **MetLife** issued a one-page initial denial letter to plaintiff, dated November 23, 2019, a copy of which is attached hereto as Exhibit 1, and is by reference incorporated herein.

14. The initial denial letter fails to adequately explain the specific reasons for the denial, and fails to adequately reference the specific plan provisions on which the denial is based, all in violation of ERISA regulatory requirements of 29 C.F.R. 2560.5003-1 (g)(1)(i) and (ii), and amounting to procedural unreasonableness and failure to provide Plaintiff with a full and fair review.

15. Plaintiff timely administratively appealed the initial denial.

16. MetLife issued an appeal denial letter dated February 20, 2020, a copy of which is attached hereto as Exhibit 2, and is by reference incorporated herein.

17. The appeal denial letter is MetLife's first communication to Plaintiff, or to any attorney for Plaintiff, to reference specific Plan or Policy provisions on which the denial is based, and includes specific reasons for the denial not referenced in MetLife's initial denial letter.

18. On May 27, 2020, the undersigned sent a letter to MetLife (a copy of which, with enclosures, is attached and incorporated herein by reference as Exhibit 3), enclosing the following for consideration in connection with its denial of the initial claim and administrative appeal, and requesting that it reconsider and reverse the denial.

    1. Report of Cardiologist Henry Patrick, MD, with attached referenced medical journal article and summary medical chronology, opining that Decedent's death was caused directly by injuries from his fall down a flight of stairs;

    2. CV of Cardiologist Henry Patrick, MD; and

        3.        Statement of Dr. Imran Baig, Decedent's primary care physician who signed the death certificate, agreeing with the analysis and opinion of Dr. Patrick.

19.        The undersigned's May 27, 2020 letter to MetLife quoted *Vega v. Nat'l Life Ins. Serv., Inc.,* 188 F.3d 287, 299 (5th Cir.1999) (*en banc*), explaining that as to evidence provided after a denial on administrative appeal, **"the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of the lawsuit and in a manner that gives the administrator a fair opportunity to consider it."**

20.        MetLife thereafter sent a letter dated June 16, 2020 to the undersigned, a copy of which is attached and incorporated herein by reference as Exhibit 4, advising that it would not consider the contents of the undersigned's May 27, 2020 letter.

21.        The above-referenced claim chronology, and MetLife's refusal to even consider the opinions of a highly reputed Cardiologist, based upon extensive review of all relevant medical and other records, and the agreement with that opinion by the physician who signed the death certificate upon which MetLife claims to rely in denying the claim, was irrational, arbitrary, capricious, an abuse of discretion, procedurally unreasonable and failed to provide Plaintiff with a full and fair review.

22.        The administrative record does not contain adequate, concrete or substantial evidence supporting MetLife's denial.

23.        Plaintiff incurred attorney's fees in order to pursue benefits under the Plan and Policy.

24. Plaintiff is entitled to judgment awarding accidental death benefits owed under the terms of the Plan and Policy from Defendant, **MetLife**.

25. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendant, **MetLife**.

26. The standard of review of Plaintiff's claims herein is *de novo*, due to the ban of discretionary clauses under applicable state law.

27. A preponderance of the evidence demonstrates that Decedent's death was accidental, not excluded, and entitles Plaintiff to the benefits MetLife denied under the terms of the Plan and Policy.

**WHEREFORE**, Plaintiff **PATRICIA WATERS**, prays for judgment against Defendant, **METROPOLITAN LIFE INSURANCE COMPANY** as follows:

1. For all benefits due Plaintiff under terms of the Plan and the Policy, plus appropriate pre- and post-judgment interest;

2. For all reasonable attorney's fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

        Respectfully Submitted,

        s/J. Price McNamara
        _____
        **J. PRICE McNAMARA**
        Bar Nos: LA 20291 & TX 24084626
        10455 Jefferson Highway, Ste. 2B
        Baton Rouge, LA 70809
        Telephone: 225-201-8311
        Facsimile: 225-612-6973
        price@jpricemcnamara.com
        Attorney for Complainant